# JULIAN B. SHOPE, Plff.,

*v.*

# JUAN BIANCHI ET AL.

Ponce, Law, No. 1573.

Opinion filed April 26, 1923.

*O. B. Frazer, Esq.,* for plaintiff.

*Cayetano Coll y Cuchi, Esq.,* for defendants.

ODLIN, Judge, delivered the following opinion:

On March 23d, 1923, there was filed in the office of the clerk of this court a motion on behalf of the defendants that the court direct the successful plaintiff, Julian B. Shope, to furnish proper and sufficient security for costs upon the assumption that the motion for a new trial, which had not yet been filed, would be denied by this court, and that the defendant expected to carry the matter to the circuit court of appeals by means of a

writ of error, and it is alleged in the said motion that because the said Shope is a nonresident of Porto Rico, with his domicil in the city and state of New York, he should be required to furnish security for costs to protect the defendants in the event that the judgment expected to be entered in this case should be refused by the appellate court. And it is alleged that ground for this is found in § 342 of the Code of Civil Procedure.

In the first place, I am satisfied that this section of the Code of Civil Procedure is in no way controlling upon the Federal court of Porto Rico, but if it were controlling, there is nothing in the language of this section which could possibly be considered as meaning that the successful litigant in either the supreme court of Porto Rico or in the United States district court of Porto Rico could be compelled to furnish costs when he becomes a defendant in error or appellee at Boston.

The practice of this court is governed by the same rules which prevail in the Federal courts of the several states of the Union. These rules provide that where a nonresident begins an action, the defendant has a right to demand that such plaintiff furnish security for costs ample to protect the defendant in case the latter should win the lawsuit; but no case has been cited to me, and I believe that no case exists, where a Federal court has ever required a nonresident litigant to provide bond for costs after he wins the suit and the original defendant decided to carry the case to the court of appeals.

In the present case the defendants had the right to demand, upon the institution of the suit, that the plaintiff furnish security for costs large enough to cover not only those costs which might arise in the trial court, but also those which might

arise in the appellate court; but such motion comes too late after the plaintiff succeeds in obtaining a verdict from the jury.

For the reasons above cited, the motion to furnish security for costs is denied, and to this ruling counsel for defendant excepts.

On the following day, March 24th, 1923, there was filed in the office of the clerk of this court, by the counsel for the defendants, in this same proceeding, a motion for a new trial based upon four grounds, as set forth therein, which I do not deem it necessary to embody and repeat in this opinion. This motion for a new trial has been argued by counsel for the respective parties, and after consideration thereof, I am clearly of the opinion that such motion for a new trial should be denied and it is so ordered.

To this ruling also the counsel for defendants excepts.

Done and ordered in Open Court at Ponce, Porto Rico, April 26th, 1923.